NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TED A. McCRACKEN, | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 05-CV-766 (DMC) |
| HILLTOP FUEL HEATING & AIR | : | |
| CONDITIONING INC. et al, | : | |
| | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Hilltop Fuel Heating & Air Conditioning Inc. ("Defendant"), to dismiss all Counts of the Complaint filed by pro se Plaintiff Ted A. McCracken ("Plaintiff"), pursuant to 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is **granted**.

## I. BACKGROUND

In the beginning of February 2002, Plaintiff answered Defendant's ad in the Star Ledger requesting applicants for an oil burner service technician. (Plaintiff's Complaint ("Pl. Compl.") at 3). On February 5, 2002, Defendant interviewed Plaintiff for the position. (Id.) On February

8, 2005, Defendant informed Plaintiff the position was filled.  (Id.)  Three years later, on

February 8, 2005, Plaintiff filed a Complaint against Defendant, claiming Defendant violated the

ADEA by failing to hire him due to his age.[1]  (Id. at 2).  Defendant filed a Motion to Dismiss due

to Plaintiff's failure to file a Charge of Discrimination ("Charge") with the Equal Employment

Opportunity Commission ("EEOC").  Plaintiff then filed a request to amend his Complaint,

stating that he filed a Charge with the EEOC.  (Plaintiff's Motion to Amend his Complaint ("Pl.

Mot. to Am.") at 1).  Defendant has now filed a letter brief in further support of its Motion to

Dismiss, presenting a letter from the EEOC as an exhibit that states it never received a Charge or

any information from Ted McCracken.  (Defendant's Letter Brief in Further Support of its

Motion to Dismiss ("Def. Ltr. Br.") Ex. A).

## II. DISCUSSION

### A. Standard of Review

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all

allegations in the Complaint must be taken as true and viewed in the light most favorable to the

plaintiff.  See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc.

v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286,

290 (3d Cir. 1984).  In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only

the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly

---

[1]Plaintiff alleges Defendant violated Title VII, but it is more appropriately the ADEA
because Plaintiff claims Defendant discriminated against him due to his age, which is not
covered by Title VII.

-2-

authentic documents if the plaintiff's claims are based upon those documents. <u>Pension Benefit</u> <u>Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Nonetheless, a court should dismiss the case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it." <u>Cole v. Commonwealth Federal</u>, 1994 WL 618464, *1 (E.D.Pa.); <u>citing</u> <u>King v. Fayette County</u>, 92 F.R.D. 457, 458 (W.D.Pa.1981); <u>Brown v. Califano</u>, 75 F.R.D. 497 (1977).

### B. EEOC Filing Requirements

Title VII makes it unlawful for employers to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA prohibits employers from discriminating against employees over the age of forty. 29 U.S.C. § 623(a)(1). Under both Title VII and the ADEA, aggrieved parties must file a Charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C.A. § 2000e-5(e) and 29 U.S.C.A. § 626(e). Plaintiffs filing claims in a state that has an agency for fair employment practices have three hundred days to file a Charge. <u>Id.</u> New Jersey has such an agency, so plaintiffs filing claims here have three hundred

days to do so.  These limitation periods protect the civil rights of those promptly asserting their claims and also prevent employers from having the burden of defending claims arising from employment decisions made long ago.  Del. State Coll. v. Ricks, 449 U.S. 250, 256-57 (1980).

The Supreme Court of the United States held that the filing requirements set by the ADEA and Title VII are to operate as a statute of limitations.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982).  If a plaintiff fails to file a Charge withing the required filing limitations, the plaintiff is precluded from instituting a civil action under both the ADEA and Title VII.  Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2002).  In addition to filing a claim within the required time period, a party claiming their employer violated Title VII or the ADEA may not file a claim in federal district court unless he has first pursued the required avenues of potential administrative relief.  Love v. Pullman Co. 404 U.S. 522, 523 (1972).  A Charge is considered to be properly filed with the EEOC when the EEOC receives a written statement sufficiently precise to identify the parties and to generally describe the action or practices complained of from the aggrieved party.  Id. at 524.

Here, not only did the Plaintiff fail to file a Complaint before this Court until February 8, 2005, three years after the alleged discriminatory act occurred and well after the three hundred day requirement, but he also never filed a Charge with the EEOC.  (Def. Ltr. Br. Ex. A).   Even if Plaintiff had filed his Charge with the EEOC in a timely fashion, he still would have filed his Complaint with this Court more than three hundred days after the alleged discriminatory act occurred in violation of the filing dates set by Title VII and the ADEA.

There is an exception to the timely filing requirement for continuing violations of Title VII or the ADEA. West v. Phila. Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995). This exception does not apply in this case. Here, Plaintiff complains of one isolated incident, Defendant's failure to hire him due to his age, which occurred on February 8, 2002. (Pl. Compl. at 2). Plaintiff has not claimed a continuing violation of his civil rights occurred. (Id.). Therefore, Plaintiff cannot receive the benefit of this exception.

Due to Plaintiff's failure to file a Charge with the EEOC as required by the ADEA, Title VII and the Supreme Court and Plaintiff's failure to file a timely claim before this Court, Defendant's Motion to Dismiss is granted. Plaintiff's Motion to Amend his Complaint is therefore also dismissed.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's Motion to Dismiss is **granted** and Plaintiff's Complaint is **dismissed**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:          October 5, 2005
Original:     Clerk's Office
Cc:            All Counsel of Record
                 The Honorable Mark Falk, U.S.M.J.
                 File

-5-